IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br><br>A&B VALVE AND PIPING SYSTEMS, L.L.C., *et al.*,<br><br>    DEBTORS | CASE NO. 15-51336<br><br>(JOINT ADMINISTRATION REQUESTED)[1]<br><br>CHAPTER 11<br><br>CHIEF JUDGE ROBERT SUMMERHAYS |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF COMPENSATION COMMENSURATE WITH PRE-PETITION PAYMENTS TO SPECIFIED INSIDERS**

**NOW INTO COURT**, through undersigned counsel, comes, A&B Valve and Piping Systems, L.L.C. ("A&B"); Kimzey Casing Service, LLC ("KCS"); Sheffield GP, LLC; and Sheffield Holdings, LP, as debtors and debtors-in-possession (collectively, the "Debtors"), and file this *Motion for Entry of an Order Authorizing Payment of Compensation, Commensurate With Pre-Petition Payments, to Specified Insiders.* (this "Motion") requesting entry of an order authorizing the payment of compensation, commensurate with pre-petition payments, to certain insiders of the Debtors specified herein, *nunc pro tunc*, as of the Petition Date (defined herein), as more fully provided hereinafter:

**Jurisdiction and Venue**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding

---

[1] The Debtors have concurrently filed a Motion for Order Under Bankruptcy Rule 1015(b) Directing Joint Administration of Chapter 11 Cases seeking the joint administration of the cases of Kimzey Casing Service, LLC (15-51337); Sheffield Holdings, LLC (15-51338); and Sheffield GP, LP (15-51339) with A&B Valve and Piping Systems, LLC (15-51336).

1

pursuant to 28 U.S.C. § 157(b)(2). This matter is governed by Local Bankruptcy Rule 2016-2(B).

2. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(4), 507(a)(5) and 1114(e) of title 11 of the United States Code 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

## Background

3. On October 16, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed and no official committee has been established in these cases.

4. This Court is referred to the Declaration of Ryan A. Maupin (the "Declaration") (ECF Doc. 3) for a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these chapter 11 cases.[2]

## Relief Requested

5. Pursuant to Local Rule 2016-2, the Debtors request the Court to enter an Order granting this Motion and provide the Debtors authority to compensate certain insiders.

## Basis for Relief

6. Local Rule 2016-2 of this Court provides, in relevant part:

> Absent specific authorization from the court, no compensation or other remuneration shall be paid, from assets of the estate, to any present or former insider, affiliate, officer, director or equity-security holder as set forth in 11 U.S.C. § 101. All applications for compensation under this rule shall be accompanied by a sworn disclosure, by the applicant, of all

---

[2] All capitalized terms not specifically defined herein shall have the meaning ascribed to such terms in the Declaration.

2

previous compensation, from any source, for services related to the debtor's proceeding. Further, all applications under this rule shall conform to the following sub-sections, where and as applicable:

A. The Bankruptcy Court may authorize compensation, commensurate with prepetition salaries, to a director or an officer, other than one who is also an "equity security holder," "affiliate," or "insider," as defined in Section 101 of the Bankruptcy Code, upon ex parte application, provided that written notice of the authorizing order shall be served in conformity with Local Bankruptcy Rule 4001-1(C), supra, and upon such other parties as the court may direct. The notice of the order shall state that objections to the order may be filed, and a hearing conducted, if and only if an application to discontinue such compensation, with a request for hearing, is timely filed.

An ex parte application under this sub-section shall include a sworn declaration that the applicant is neither an "affiliate," nor an "insider," nor an "equity security holder" as those terms are defined in § 101 of the Bankruptcy Code.

B. The court may authorize compensation for equity security holders, insiders, or affiliates, under circumstances considered reasonable by the court, upon ex parte application provided that a hearing to confirm or revoke such authorization shall be conducted after written notice of the order is served and a hearing scheduled in accordance with Local Bankruptcy Rule 9013-3.

7. The following individuals are the Debtors' insiders[3] subject of this Motion:

Dennis Cooley is President of A&B Valve and Piping Systems, L.L.C.[4];

James Spearman is Executive Vice President of A&B Valve and Piping Systems, L.L.C. and holds a 4.545455% membership interest in A&B Valve and Piping Systems, L.L.C.[5];

Jordan Cooley is Vice President of Project Sales of A&B Valve and Piping Systems, L.L.C.;

---

[3] As defined in Section 101(31)(B).

[4] Dennis Cooley is presently employed by A&B under an "Executive Employment Agreement" dated December 10, 2014 (the "Cooley Contract"). The relief requested in this Motion is consistent with the compensation detailed in the Cooley Contract on a current basis.

[5] James Spearman is presently employed by A&B under an "Employment Agreement: James Spearman" dated October 3, 2005 as subsequently amended on September 30, 2008; September 30, 2011; and August 21, 2013 (collectively, the "Spearman Contract"). The relief requested in this Motion is consistent with the compensation detailed in the Spearman Contract on a current basis.

3

James Walden is Vice President of Project Operations of A&B Valve and Piping Systems, L.L.C.;

Kevin Vigneaux is Chief Financial Officer of A&B Valve and Piping Systems, L.L.C.; and

Robert Fullop is President of Kimzey Casing Service, LLC.

The Debtors' insiders listed in this Paragraph 9(a) – (f), inclusive, are collectively referred to as the "Specified Insiders."

8. The Specified Insiders render services in favor of the Debtors which include, without limitation, management of the operations and assets, oversight of the administrative procedures, ordering and delivery of raw materials, and general maintenance of the operations.

9. The prepetition salaries for the Specified Insiders were:

| | |
|---|---|
| Dennis Cooley / President of A&B - | $200,000 per year ($7,692.30 bi-weekly) |
| James Spearman / Exec. Vice President of A&B - | $200,000 per year ($7,692.30 bi-weekly) |
| Jordan Cooley / Vice President of Project Sales for A&B- | $125,000 per year ($4,807.69 bi-weekly) |
| James Walden / Vice President of Project Operations for A&B- | $100,000 per year ($3,846.15 bi-weekly) |
| Kevin Vigneaux / Chief Financial Officer for A&B - | $150,000 per year ($5,769.23 bi-weekly) |
| Roberty Fullop / President of KCS - | $180,000 per year ($6,923.08 bi-weekly) |

10. The Specified Insiders are paid every two weeks in arrears with salary payments for A&B and KCS Insiders staggered such that A&B Insiders and the KCS Insider receive paychecks on alternating weeks in accordance with the Debtors' regular payroll.

11. In addition to being able to participate in the employee health, life, disability and 401(k) programs which are more fully detailed in the *Motion for Entry of an Order to (a) Pay all Outstanding Pre-Petition Wages, Salaries, Other Accrued Compensation, Expense*

4

GAMDE: 2334880

15-51336 - #15  File 10/18/15  Enter 10/18/15 17:03:44  Main Document  Pg 4 of 8

*Reimbursements, Benefits, and Related Amounts; and (b) Continue Specified Benefit Programs in the Ordinary Course of Business* (ECF No. 6), certain Specified Insiders also received certain pre-petition fringe benefits (collectively, the "Fringe Benefits") and quarterly or annual bonuses ("Insider Bonuses") as noted below:

| Specified Insider | Quarterly Performance & Profitability Bonus Payments | Guaranteed Annual Bonus Payments | Monthly Car Allowance | Monthly Phone Allowance |
|---|---|---|---|---|
| Dennis Cooley | None | None | $1,000 per month | None |
| James Spearman | None | $50,000 accrues during calendar year, paid at year end, $10,000 paid YTD | $900 per month | None |
| Jordan Cooley | $86,417 paid YTD Up to $33,000 due[6] | None | $1,000 per month | None |
| James Walden | $15,000 paid YTD None Accrued | None | None | None |
| Kevin Vigneaux | None | None | $800 per month | $60.00 per month |
| Robert Fullop | None | None | None | None |

The Fringe Benefits and Insider Bonuses are anticipated by these employees as part of their annual compensation to be paid in the ordinary course of the Company's business.

12. The Debtors request authority to make post-petition payments to the Specified Insiders, commensurate with pre-petition payments, as follows: (i) their monthly salaries, *nunc pro tunc*, as of the Petition Date, (ii) the Fringe Benefits; and (iii) the guaranteed Insider Bonus of James Spearman.

13. The roles played by the Specified Insiders are vital to ongoing operations of the Debtors considering the nature of the work performed for the Debtors and the managerial positions held. The Specified Insiders have substantial industry experience as well as direct

---

[6] Currently being calculated. Additional bonus will not exceed $33,000.

5

GAMDE: 2334880

15-51336 - #15  File 10/18/15  Enter 10/18/15 17:03:44  Main Document  Pg 5 of 8

experience with the Debtors and are instrumental to the Debtors' success.

14. It is reasonable that the Specified Insiders continue to be compensated for their service and expertise consistent with the Debtors' pre-petition practices. Importantly, the compensation requested herein is commensurate with the pre-petition compensation paid to the Specified Insiders.

15. The Debtors assert that the amounts the Debtors seek to pay herein to the Specified Insiders are reasonable and fairly compensate the Specified Insiders for the necessary services rendered and to be rendered to the Debtors.

16. The compensation sought herein is consistent with and accounted for in the budget attached to the *Emergency Motion for an Order (i) Authorizing the Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 364(c) And 364(d), (ii) Authorizing the Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c); (iii) Granting Adequate Protection Pursuant to 11 U.S.C. § 361; and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c)* which is being filed concurrently herewith.

17. No payment may be made to any insider except as otherwise authorized by the order authorizing the use of cash collateral and accompanying budget that are in effect as of the time such payment is to be made (or as otherwise authorized by the Court).

18. The Specified Insiders have been advised of Local Rule 2016-2(D) and (E) which provide that any application under Local Rule 2016-2 may be terminated for good cause after notice and hearing.

### Declarations

19. The sworn disclosures of each of the Specified Insiders as required by Local Bankruptcy Rule 2016-2 are attached hereto and made a part hereof and identified herein, in **EXHIBITS A – F**.

### Notice

20. Notice of this Motion has been given to all parties on the Special Notice List, including, without limitation: (i) the Office of the United States Trustee; (ii) the Debtors and their counsel; (iii) PNC Bank, National Association; (iv) 3K Partners, Ltd.; (v) Community Bank; (vi) Toyota Motor Credit; (vii) the twenty (20) largest unsecured creditors of A&B Valve and Piping Systems, L.L.C.; Kimzey Casing Service, LLC; Sheffield GP, LLC; and Sheffield Holdings, LP; and (viii) governmental agencies having a regulatory or statutory interest in these cases.In light of the nature of the relief requested herein, the Company submits that no other or further notice is necessary.

### No Previous Request

21. No previous motion for the relief requested herein has been made to this or any other Court.

### Hearing

22. Should this Court sign an order granting the relief sought in this Motion, the Debtors will serve written notice of such order and thereafter, pursuant to Local Bankruptcy Rule 2016-2(B), notice a hearing in accordance with Local Bankruptcy Rule 9013-3 at which hearing the authorization granted by the order will be confirmed or revoked.

**WHEREFORE**, the Debtors pray for an order authorizing the Debtors to make post-petition payments to the Specified Insiders, commensurate with pre-petition payments, as follows: (i) their monthly salaries, *nunc pro tunc*, as of the Petition Date, (ii) the Fringe Benefits; and (iii) the guaranteed Annual Bonus of James Spearman, and for such other just, legal, general, and/or equitable relief as this Court deems proper.

Respectfully submitted,

**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By: /s/ **Louis M. Phillips**
Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com

AND

Armistead M. Long (La. Bar No. 33949)
400 East Kaliste Saloom Road, Suite 4200
Lafayette, Louisiana 70508
Email: along@gordonarata.com
Phone: (337) 237-0132

AND

Patrick "Rick" M. Shelby (La. Bar No. 31963)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Email: pshelby@gordonarata.com
Telephone: (504) 582-1111

*Proposed Attorneys for A&B Valve and Piping Systems, L.L.C.; Kimzey Casing Service, LLC; Sheffield GP, LLC; and Sheffield Holdings, LP*

8

GAMDE: 2334880

15-51336 - #15   File 10/18/15   Enter 10/18/15 17:03:44   Main Document   Pg 8 of 8